ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MICHAEL ROBINSON,

                Petitioner,

  -against-

WILLIAM PHILLIPS,

                Respondent.
-----------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 04-CV-3446 (FB)

*Appearances:*
*For the Petitioner:*
MICHAEL ROBINSON, *Pro Se*
No. 99-A-7114
Attica Correctional Facility
P.O. Box 149
Attica, New York 14011-0149

*For the Respondent:*
CHARLES J. HYNES, ESQ.
Kings County District Attorney
By:   KAROL B. MANGUM, ESQ.
        Assistant District Attorney
350 Jay Street
Brooklyn, New York 11201

*On the Brief:*
LEONARD JOBLOVE, ESQ.

**BLOCK, Senior District Judge:**

        Petitioner Michael Robinson ("Robinson") was convicted by a jury on one count of first-degree burglary and one count of first-degree robbery. Based on his prior felony convictions, the trial court determined that Robinson was a "persistent felony offender"[1] under state law, and imposed a sentence of 20 years to life on each conviction, to run concurrently. Robinson now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, Robinson's petition is denied.

---

[1] New York's Penal Law permits a sentencing court, in its discretion, to impose "extended incarceration and life-time supervision" upon a "persistent felony offender" in lieu of the sentence otherwise authorized for the crime of conviction. N.Y. Penal Law § 70.10; *see also* N.Y. Crim. Proc. Law § 400.20 (setting out procedure to determine whether defendant is a "persistent felony offender").

I.

Robinson claims that: (1) inculpatory letters authored by him were "forgeries" and were improperly admitted against him at trial; and (2) trial counsel was ineffective for failing to challenge the letters as "forgeries." These claims were not raised until Robinson brought a 440.10 proceeding in state court.[2] The New York Supreme Court ruled that both claims were without merit, and also held that the ineffective assistance claim should have been raised on direct appeal. *See* Dec. & Order, *People v. Robinson*, No. 2141/99, slip op. at 2-3 (Sup. Ct. Kings County Oct. 20, 2004), *lv. to app. den.*, No. 2004-11338 (2d Dep't Mar. 18, 2005), Mangum Aff. Exs. F-G.

Robinson also claims that: (3) trial counsel inadequately protected his right to testify before the grand jury; (4) the identification of him at trial by an eyewitness was "improperly admitted"; and (5) the eyewitness's testimony was an "unfair surprise." Robinson raised these issues on his direct appeal in state court through the vehicle of a *pro se* supplemental brief. *See* Mangum Aff. Ex. A (Robinson's *pro se* brief). The Appellate Division, without discussion, concluded that these claims "either were waived by [Robinson] or are without merit." *People v. Robinson*, 751 N.Y.S.2d 543, 544 (2d Dep't 2002) (internal citations omitted), *lv. to app. den.*, 99 N.Y.2d 619 (2003).

Robinson further claims that: (6) appellate counsel was ineffective for failing to raise issues (1) through (5) in Robinson's direct appeal.[3] The Appellate Division

---

[2] A "440.10 proceeding" is a collateral attack upon a criminal conviction brought in the courts of New York. *See* N.Y. Crim. Proc. Law § 440.10.

[3] Robinson's appellate counsel raised only a Fourth Amendment issue. *See Robinson*, 751 N.Y.S.2d at 543.

summarily denied this claim on the merits. *People v. Robinson*, 805 N.Y.S.2d 844 (2d Dep't 2005), *lv. to app. den.*, 6 N.Y.3d 837 (2006).

Lastly, Robinson claims that: (7) the prosecutor's summation was somehow improper. It is not clear whether this claim was ever presented to the state court; Robinson makes reference to a second 440.10 proceeding, but the results of that proceeding do not appear in the record.[4]

## II.

### A. Robinson's *Pro Se* Status

Robinson seeks relief *pro se*; the Court therefore reads his papers "liberally and interpret[s] them to raise the strongest arguments that they suggest." *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (internal citation and quotation marks omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

### B. AEDPA

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets out the parameters under which a federal court may grant a writ of habeas corpus to a state prisoner on account of a constitutional violation that occurred in a state court proceeding. *See* 28 U.S.C. § 2254. If a state court rules on the merits of a claim, that ruling can only be reversed in habeas proceedings if it was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the

---

[4] Robinson states that "leave to appeal [his] C.P.L. 440.10 motion" was denied by the Appellate Division on February 28, 2007. *See* Letter from M. Robinson, Docket Entry No. 26 (Mar. 27, 2007). A search of the Second Department's website produced a decision denying leave to appeal, without explanation. *See* Dec. & Order, *People v. Robinson*, No. 2141/99, N.Y. Slip Op. 64070 (2d Dep't Feb. 28, 2007).

3

United States"; or (2)"based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see also Williams v. Taylor*, 529 U.S. 362, 402-11 (2000) (explaining deference required by AEDPA). If the basis of a claim has not been presented to a state court, AEDPA nonetheless permits a district court to deny a claim on the merits if it is "patently frivolous." *See* 28 U.S.C. § 2254(b)(2); *see also Ortiz v. Marshall*, No. 08-CV-8815, 2009 WL 3170300, at *5 (S.D.N.Y. Sep. 30, 2009) (noting that habeas court may deny unexhausted claims that are "patently frivolous").[5]

C. **Robinson's Claims**

1. *Letters Authored By Robinson Were "Forgeries"*

Two letters authored by Robinson were admitted against him at trial; both encouraged the receipient, his accomplice Jacqueline Boothe ("Boothe"), not to testify against Robinson at trial.[6] Robinson submits no evidence beyond conclusory assertions to support his claim that the letters were forged. During the 440.10 proceeding premised on this claim, Robinson's trial counsel attested that:

> Mr. Robinson never informed me that . . . the letters were forgeries. However, Mr. Robinson requested, as a trial tactic, that I assert that the letters were forgeries . . . I determined that the letters were not forgeries and declined to present a false defense.

---

[5] The Second Circuit has not yet established a firm standard for denying unexhausted claims on the merits under 28 U.S.C. § 2254(b)(2), but each of New York's federal district courts have applied the "patently frivolous" test for dismissing such claims. *See, e.g., Hammock v. Walker*, 224 F.Supp.2d 544, 549 (W.D.N.Y.2002); *Toland v. Walsh*, No. 02-CV-0399, 2008 WL 820184, at *15 (N.D.N.Y. Mar. 26, 2008); *Cruz v. Artuz*, No. 97-CV-2508, 2002 WL 1359386, at *14 (E.D.N.Y. June 24, 2002) (Block, J.); *Love v. Kuhlman*, No. 99-CV-11063, 2001 WL 1606759, at *5 (S.D.N.Y. Dec. 12, 2001).

[6] Boothe rejected Robinson's advice and testified against him. *See* Trial Tr. at 530-44.

4

Rothstein Aff. at ¶¶ 8-9 (June 30, 2004) (Ex. A to Mangum Aff. Ex. E, Docket Entry No. 15).

The New York Supreme Court, Kings County, denied this claim on the merits:

> The claim that the letters were forged . . . is based wholly upon the conclusory assertion of [Robinson] without any sworn facts to support it. There is nothing in either the method by which the letters came into the People's possession or in the letters themselves tending to substantiate the forgery claim.

*Robinson*, No. 2141/99, slip op. at 2 (Sup. Ct. Kings County Oct. 20, 2004). Robinson's petition does not come remotely close to demonstrating that this determination was unreasonable under AEDPA. Accordingly, this claim is denied.

2.  *Ineffective Assistance For Failure To Argue Letters Were "Forgeries"*

The New York Supreme Court concluded that this claim should have been raised on Robinson's direct appeal: "[This] claim[] may not now be raised in a motion to vacate judgment and[is], therefore, denied." *Robinson*, No. 2141/99, slip op. at 2 (Sup. Ct. Kings County Oct. 20, 2004). Nonetheless, the state court also rejected the claim on the merits:

> Having failed to establish a colorable claim that the letters were actually forgeries, [Robinson] cannot demonstrate that counsel's legal strategy for challenging their admission into evidence was faulty or that counsel was ineffective for failing to attempt to investigate the unsubstantiated and incredible forgery claim mid-trial.

*Robinson*, No. 2141/99, slip op. at 2 (Sup. Ct. Kings County Oct. 20, 2004). Robinson fails to submit any evidence that this conclusion was an unreasonable determination of fact. Accordingly, this claim is denied, under AEDPA, in deference to the state court's decision.

### 3. *Ineffective Assistance Before the Grand Jury*

Robinson complains that his trial counsel did not permit him to testify before the grand jury. The Appellate Division, without discussion, concluded that this claim was either waived, or without merit. *Robinson*, 751 N.Y.S.2d at 544. There is no constitutional right to testify before a grand jury; indeed, there is no constitutional entitlement to a grand jury in state criminal proceedings. *See Hurtado v. California*, 110 U.S. 516, 534-35 (1884) (Fourteenth Amendment "was not meant or intended to include . . . the institution and procedure of a grand jury in any case."). Consequently, a claim that state grand jury proceedings were somehow deficient is not cognizable in a habeas petition. *Lopez v. Riley*, 865 F.2d 30, 32 (2d Cir. 1989) (citing *United States v. Mechanik*, 475 U.S. 66, 70 (1986)).

Nonetheless, an ineffective assistance claim may be raised where counsel fails to take advantage of a right granted by state law, though the right does not derive from the federal constitution. *Lanfranco v. Murray*, 313 F.3d 112, 118 (2d Cir. 2002). New York grants defendants a right to testify before a grand jury in some circumstances. *See* N.Y. Crim. Proc. Law § 190.50(5). There is no cognizable habeas claim, however, where counsel simply "fail[s] to ensure that the defendant testifies before the [state's] grand jury." *Davis v. Mantello*, 42 Fed.Appx. 488, 491 n.1 (2d Cir. 2002); *see also May v. Donelli*, 615 F.Supp.2d 88, 97 (W.D.N.Y. 2009) ("New York state courts and federal courts sitting in habeas review have consistently rejected" such claims) (collecting cases). Even if there were some conceivable basis that Robinson's counsel was constitutionally deficient for failing to protect this state-law right, Robinson fails to allege any prejudice that flowed from that hypothetical error. Accordingly, Robinson has failed to show that the Appellate Division's

summary rejection of this claim was unreasonable; the claim is therefore denied pursuant to the deference owed that decision under AEDPA.

### 4. *"Unduly Suggestive" Identification of Robinson By Eyewitness*

Leroy Francis ("Francis") testified that he had driven Boothe and Robinson to and from the victim's apartment building, and he identified Robinson in court. Trial Tr. at 607-32. Robinson claims, vaguely, that this identification was "unduly suggestive." *See* Pet'n, Docket Entry No. 12, at 4. An eyewitness identification procedure "may be deemed unduly and unnecessarily suggestive if it is based on police procedures that create 'a very substantial likelihood of irreparable misidentification.'" *Brisco v. Ercole*, 565 F.3d 80, 89 (2d Cir. 2009) (quoting *Simmons v. United States*, 390 U.S. 377, 384 (1968)). The Appellate Division, without discussion, concluded that this claim was either waived, or without merit. *Robinson*, 751 N.Y.S.2d at 544.

The record demonstrates that the Appellate Division's rejection of this claim was not unreasonable under AEDPA. There were no "police procedures" at play of any kind that could have been "unduly suggestive." *Brisco*, 565 F.3d at 89. Francis simply identified Robinson in open court, based on several previous encounters with him. *See* Trial Tr. at 609-10.

### 5. *"Unfair Surprise" of Francis's Testimony*

Robinson's counsel did not know Francis was going to testify until the night before Francis testified. Trial Tr. at 593. Robinson contends that this late notice of Francis's testimony constituted an "unfair surprise." This does not raise a constitutional claim. "It does not follow . . . that the prosecution must reveal before trial the names of all witnesses

who will testify unfavorably. There is no general constitutional right to discovery in a criminal case . . ." *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977). Even if this claim did state a constitutional concern, Robinson's counsel conducted a thorough cross-examination of Francis to test the reliability of his identification. *See* Trial Tr. 622-32. There was, therefore, no prejudice caused by the "surprise." Accordingly, the Appellate Division's summary rejection of this claim was not unreasonable under AEDPA.

6. *Ineffective Assistance of Appellate Counsel*

The familiar *Strickland* test applies to claims of ineffective assistance by appellate counsel. *Claudio v. Scully*, 982 F.2d 798, 803 (2d Cir. 1992). Appellate counsel has no duty to advance frivolous arguments, however. *See, e.g., Anders v. California*, 386 U.S. 738, 744 (1967). The Appellate Division summarily denied this claim on the merits. *People v. Robinson*, 805 N.Y.S.2d 844 (2d Dep't 2005), *lv. to app. den.*, 6 N.Y.3d 837 (2006). Robinson cannot establish that this decision was unreasonable, as he must under AEDPA.

7. *Prosecutor's Summation*

Robinson lastly contends that the prosecutor's summation was fundamentally unfair because it "improperly exaggerated" the level of familiarity between "identifying witness" and Robinson. Robinson does not specify whether he is referring to Boothe or Francis. *See* Pet'n, Docket Entry No. 12, at 4. The record is unclear as to whether this claim has ever been presented to state court; nonetheless, the record reflects that it is patently frivolous, whether it concerns Boothe, Francis, or both. "[A] court need not elaborate or give reasons for rejecting claims which it regards as frivolous or totally without merit." *Sumner v. Mata*, 449 U.S. 539, 548 (1981).

8

## III.

Robinson's petition is denied. Since Robinson has failed to make a substantial showing that any of his constitutional rights were denied, no certificate of appealability is granted. See 28 U.S.C. § 2253(c)(1).

**SO ORDERED.**

/S/
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
October 23, 2009